Dear Senator Duplessis,
You have requested an opinion regarding the interpretation of Act No. 689 of the 2008 Regular Session of the Louisiana Legislature ("Act 689"). Act 689 amended La.R.S. 32:707.2 as follows[1]:
 § 707.2. Electronic media system for lien recordation and title information; fees; required bond; confidentiality of information; rules and regulations
 A. The department is here by authorized to shall develop and implement on a statewide basis no later than January 1, 2010, a computer system which will permit the voluntary electronic recording of information concerning the perfection and release of vehicle security interests without submitting or receiving paper title documents. The department may allow the submission of vehicle title information for new, transferred, and corrected certificates of title, including the perfection and release of security interests, through electronic media in a cost-effective manner in lieu of the submission and maintenance of paper documents otherwise required by this Chapter.
 B. (1) The department is hereby authorized to contract with public license tag agents for the purpose of administering a system which will permit the voluntary provide for the recording of vehicle *Page 2 
title information and security interest notification without issuance of a paper title.
 (2) The department is hereby authorized to promulgate rules and regulations in accordance with the Administrative Procedure Act, to provide for certain limited exceptions to the electronic recordation requirements set forth by this Section, for individuals and lienholders that are not normally engaged in the business or practice of financing vehicles.
 C. (1) An approved public license tag agent operating a secured host computer system interfacing with the computer system of the Department of Public Safety and Corrections, office of motor vehicles, and the computer system of a lending institution or other sales finance company shall be bonded in an amount specified by the department. The public license tag agent is hereby authorized to charge a fee to customers utilizing this electronic media system in accordance with the provisions of R.S. 47:532.1(C).
 (2) Each bank, finance company, lending institution, or other lender shall designate a public tag agent with which such bank, finance company, lending institution, or other lender shall interface its computer system for the purpose of receiving electronic confirmation from the department, of the receipt and the filing of the security interest on the subject motor vehicle. Each bank, finance company, lending institution, or other lender shall also designate such public tag agent when transmitting a release or satisfaction of its lien.
 (3) Any request to convert an electronic lien and title record to a paper document shall be forwarded to the department by the bank, finance company, lending institution, or other lender through its interface with its designated public tag agent. Upon receipt of the appropriate title and handling fees, the department shall provide the requested paper title.
 D. Notwithstanding any other law to the contrary, a written or printed report of an electronic media transaction or recording permitted required under the provisions of this Section, if certified as true and correct by the department, shall serve as evidence of any signature, acknowledgment, or information which was provided to or by the department through electronic means, and the certification shall be admissible in any legal proceeding as evidence of the facts stated therein. *Page 3 
 ********** G. (1) The department is authorized to form a task force to develop and implement the system required by this Section. The members of this task force shall be appointed by the secretary and shall include representatives from the department, the commercial banking industry, sales finance companies, credit unions, savings institutions, and the vehicle dealership industry.
 (2)(a) The task force shall research methods whereby the department, lending institutions and sales finance companies may exchange and maintain information concerning the perfection and release of vehicle security interests without submitting or receiving a paper title document. Further, the task force shall develop methods whereby lending institutions and sales finance companies may submit, through a variety of electronic media, updated information pertaining to the title record, including the addition, assignment or release of vehicle security interests. (b) No later than January 1, 2009, the task force shall develop and implement a pilot program to implement the requirements set forth by this Section.
The question presented in your opinion request is whether this law makes it mandatory that the electronic media system for lien recordation and title information be implemented by the Department of Motor Vehicles or whether implementation of the system continues to be voluntary. Those who suggest that the system is voluntary focus on the following sentence of paragraph (A) of La.R.S. 32:707.2: "[t]he department may allow the submission of vehicle title information for new, transferred, and corrected certificates of title, including the perfection and release of security interests, through electronic media in a cost-effective manner in lieu of the submission and maintenance of paper documents otherwise required by this Chapter." This sentence was not added, amended, or deleted by Act 689. It was existing law.
The starting point in the interpretation of any statute is the language of the statute itself. When a law is clear and unambiguous and its application does not lead to absurd consequences, the language shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La.C.C. art. 9. However, "when the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law." La.C.C. art. 10.
There is no question that prior to the amendments made to La.R.S. 32:707.2 by Act 689, implementation of the electronic media system for lien recordation and title information by the Department of Motor Vehicles was not mandatory. *Page 4 
Rather, the law provided that it was "voluntary." The current version of the law removes every reference to the system being voluntary and replaced it with language indicating it is mandatory.
The Act amended subsection (A) to provide that the Department of Motor Vehicles "shall," rather than "is hereby authorized," develop and implement on a statewide basis no later than January 1, 2010. The Act further deleted the word "voluntary" in the next line.
In subsection (B)(1), the Act deleted the words "permit the voluntary" and added the words "provide for the" and "without issuance of a paper title." Subsection (B)(2) was added to provide for rules "to provide for certain limited exceptions to the electronic recordation requirement set forth by this Section . . .".
Subsection (C)(2) provides that each lender "shall" designate a public tag agent to interface its computer system for the purpose of receiving electronic conformation from the Department, and transmitting a release or satisfaction of its lien. Finally, Subsection (D) refers to the "required" provisions of this Section.
To ascertain the true meaning of a word, phrase, or section in a statute, the act as a whole must be considered. Vogt v. Board ofLevee Com'rs of Orleans Levee Dist., 95-1187 (La.App. 4 Cir. 9/4/96), 680 So.2d 149. In this case, the legislature removed every reference to the system being voluntary and replaced it with language making implementation of the system mandatory but left the word `may' in paragraph (A) of La.R.S. 32:707.2. To use the `may' in paragraph (A) to say that the entire system is voluntary disregards the language in the rest of the statute. That interpretation does not give effect to the numerous changes the legislature made to La.R.S. 32:707.2 in Act 689, all of which carefully alter the voluntary nature of the system to render it mandatory. Further, the Digest to SB 373 (Act No. 689, 2008 Reg. Sess.) provides that the "new law retains prior law but changes the provisions from a voluntary development and implementation of a computer system to a requirement that OMV develop and implement a computer system."[2]
Accordingly, it is the opinion of this office that La.R.S. 32:707.2 makes implementation of the electronic media system for lien recordation and title information mandatory for the Department of Motor Vehicles and use of the system mandatory for all lenders. *Page 5 
Finally, we note that the legislature may wish to correct the seemingly erroneous omission in the last sentence of paragraph (A) of Section 707.2 and change the "may" to "shall" to remove any doubt concerning the legislative intent behind Act 689.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/crt
[1] Words which are struck through are deletions from existing law; words which are underscored are additions.
[2] We are aware of La.R.S. 24:177(E)(1), which provides that the digest is ". . . solely to provide the members of the legislature with general indicia of the content of the bill and are not subject to amendment by the legislature or any committee of the legislature and shall not constitute proof or indicia of legislative intent." However, the digest is referenced here merely as additional information and not as binding, or even persuasive authority.